## In re Estate of Anna Eshleman, deceased. Appeal of David M. Eshleman.

*Trusts and trustees—Active trust—Contingent remainder.*

Where a trust is created by will by a mother in favor of a married son thirty-nine years of age, whose wife is thirty-four years of age, without children, and the will gives active and discretionary duties to the trustees, and gives certain interests to the son's widow and his sister, and directs that upon the marriage or death of the son's widow the principal shall go to the child or children of the son living at his death, the trust must be continued to protect the remainders to the son's children, if he shall have any, and he will not be entitled to the principal of the fund absolutely upon the release to him of the interests of his wife and sister.

*Taxation—Direct inheritance tax—Decedents' estates—Constitutional law —Act of May* 12, 1897.

The Act of May 12, 1897, P. L. 56, known as the Direct Inheritance Tax Law, is unconstitutional.

Argued May 18, 1898.  Appeal, No. 180, Jan. T., 1898, by David M. Eshleman, from decree of O. C. Lancaster Co., dismissing exceptions to auditor's report.  Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ.  Affirmed.

Exceptions to report of W. T. Brown, Esq., auditor.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in dismissing exceptions to auditor's report.

*B. Frank Eshleman,* for appellant.—Where both cestui que trustent and remainder-man, agree, the court has power to enter a decree that the trust be terminated: Thompson's Est., 10 Pa. C. C. R. 472; Culbertson's App., 76 Pa. 145; Seipe's Est., 29 W. N. C. 415; Audenreid's Est., 4 Dist. Rep. 507.

*Appel & Appel,* for appellee, were not heard, but cited in their printed brief: Barnett's App., 46 Pa. 399; Noble's Est., 182 Pa. 188.

OPINION BY MR. CHIEF JUSTICE STERRETT, April 24, 1899:
This appeal is from the decree of the orphans' court dismissing exceptions, confirming the auditor's report and distributing the fund shown to be in the hands of the executor by his duly confirmed account.

The testatrix, Mrs. Eshleman, who died January 5, 1897, by her will, duly probated two weeks after her decease, created an active trust of a moiety of her estate for the benefit of her son, the appellant, as follows :

" The other half of my estate I give to my executor in trust for the use of my son David Eshleman, during the lifetime of my said son.  My executor shall put this half of my estate at interest in good real estate security, or he may invest the same or any part thereof in real estate. . . . My executor or trustee of said fund shall annually pay so much of the net interest or

incomes of the trust estate to my son David personally as will be required for the support of my son David and family, during David's life. . . . In the event of sickness or other misfortune befalling my son David, so that he would come to want or destitute circumstances, then in that case said trustee shall have the right to use as much of the principal of the trust fund as will be necessary to supply such want, but the trustee shall be the judge of the necessity, and likewise the amount of principal to be used."

The will then provides that if David dies leaving " a widow and child or children living at his death, the trustees shall pay the interest or income of said trust fund for the support of the widow and child or children annually during the said widow's widowhood." "Should my son at his death leave only a widow living, then said trustee shall pay her maintenance not exceeding two hundred dollars per annum during her widowhood," etc.

The will further provides : " that at the marriage or death of my said son's widow, whichever may first occur, the principal of the said trust fund, whether in money or real estate, shall go and descend to the child or children of my son David, which were living at his death, their heirs and assigns; and should my son not leave a child or children or other descendants living at his death, then the whole of said trust fund, remaining in the hands of the trustee, whether in real or personal estate, shall go and descend to my said daughter, Annie Musser, her heirs and assigns."

It was shown that appellant is now about thirty-nine years of age, and his wife about four years younger; that they have no children and never had any ; and that the former is industrious, economical and a man of good habits, etc.

Transfers and releases of their respective interests under the will having been executed and delivered to appellant by his wife and his sister, Mrs. Musser, he appeared before the auditor and demanded that the fund embraced in said trust be awarded, not to the trustee named in the will, but to himself absolutely. The auditor's refusal to do so was approved by the court below and that constitutes the subject of complaint in the first specification.

While appellant's wife and sister—parties in interest now living and able to act—have made a special effort to set aside

the trust aforesaid so that appellant may enjoy a share of his mother's estate absolutely and without any restriction, it is very evident that they do not represent all the cestuis que trust for whom provision is made. As we have seen, the will provides that, in certain contingencies, any child, children or other descendants of appellant who may be living at the time of his decease will be entitled to the corpus of the trust or so much thereof as may remain unexpended under the terms of the trust. Although, as yet, appellant is childless, there still exists the possibility of his having children or other descendants who may be living at the time of his decease.

The trust under consideration clearly belongs to the class known as "active trusts," in which active duties, requiring the exercise of sound personal discretion, are enjoined on the trustee: Barnett's Appeal, 46 Pa. 399. It provides for future possible contingent interests which are not now represented by any one competent to act, and hence it cannot be set aside by any form of transfer or agreement. One of its provisions is that, from and after the death or marriage of appellant's widow, whichever may first occur, "the principal of said trust fund, whether in money or real estate, shall go and descend to the child or children of my said son . . . . living at his death," etc. In order to give effect to the full intention of the testatrix, as to the interests that are to be enjoyed under this and other provisions of the will, the trust must be sustained. The learned auditor and court below were therefore right in upholding the trust and awarding one half of the net fund to the trustee.

The only remaining specification charges error in awarding $192.44 to the commonwealth for direct inheritance tax under the second proviso to section one of the act of May 12, 1897, which declares: "And provided further, that so much of the estates of persons heretofore deceased as has not been actually distributed and paid to the persons entitled thereto prior to the passage of this act shall be liable to the tax imposed by this law as well as the estates of persons who die hereafter."

The enacting clause of the act preceding the above quoted proviso is manifestly prospective and seeks to impose the tax only on personal property which thereafter passes from the owners thereof to others under the intestate law or by will, etc. The proviso, on the other hand, is distinctly and indefinitely

retrospective in its operation, and is claimed to have been inserted for the purpose of so enlarging the scope of the act as to bring within its terms and provisions undistributed and unpaid portions of the personal estates of those who died prior to the passage of the act. It is needless to say that this is a purpose quite foreign to the office of a proviso, as the same is generally understood, but, it is impossible to read and consider the act as a whole without coming to the conclusion that the improper use of the proviso was intended to have the enlarging effect claimed for it by the commonwealth.

It is also contended in behalf of the appellant that the title of the act, viz: " An act taxing gifts, legacies and inheritances in certain cases, and providing for the collection thereof," is defective and insufficient in that it conveys no notice whatever of a legislative purpose to reach back and impose the tax on personal property which, under the intestate law or by will, etc., had theretofore vested in those entitled thereto, but which was not actually distributed and paid to them at the time the so-called " Direct Inheritance Tax Law " was passed.

These and other questions are suggested in considering the retroactive provision of the act; but, since this case was argued, we have had before us appeals by the commonwealth in several cases involving the constitutionality of the act in its entirety and in an opinion just filed in Cope's Estate, No. 390, January term, 1898, ante, p. 1, we have decided that the act is unconstitutional and void. It is unnecessary therefore to discuss and dispose of subordinate questions.

It therefore follows that the learned court below erred in awarding the sum of $192.44 to the commonwealth as direct inheritance tax and hence the second specification must be sustained.

The decree is therefore reversed, as to the said item of $192.44 awarded to the commonwealth, and it is ordered that the record be remitted to the court below with instructions to add one half of that sum to the amount awarded to Annie Musser, legatee, and to add the other half of said sum to the amount awarded to H. O. Musser, trustee under the will; costs of this appeal to be first paid out of said sum of $192.44.